UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

LEVOHN H. BROWN, )
 )
        Petitioner, )
v. ) No. 1:11-cv-414-WTL-DKL
 )
ALAN P. FINNAN, )
 )
        Respondent. )

### Entry Discussing Petition for Writ of Habeas Corpus

Levohn H. Brown seeks a writ of habeas corpus based on his claim that the prison disciplinary proceeding identified as No. ISR 10-10-0024 is tainted by constitutional error. In that proceeding, Brown was found guilty of violating prison rules by possessing an electronic device.

Upon being found guilty of the identified misconduct, Brown was sanctioned with a fifteen-day loss of earned credit time (suspended). Applicable rules of the Indiana Department of Correction provide: "the length of time that an offender may be under a suspended sanction is six (6) months from the date of the disciplinary hearing that imposed the suspended sanction." Brown was found guilty on October 8, 2010. As such, his suspended sanctions expired six months later, on April 8, 2011. Brown's suspended sanction was not enforced before April 8, 2011, meaning that the suspended sanction can never be enforced.

"A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000) (internal citations omitted). It is well established that the federal courts have no authority to rule where the case or controversy has been rendered moot. *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992). Thus, "if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed." *Id.* (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)). A court lacks jurisdiction over a claim which is moot. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997).

Brown seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). He is entitled to such a writ if he is "in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Obviously, therefore, being "in custody" is a requirement for seeking federal habeas relief. *See Maleng v. Cook,* 490 U.S. 488, 490 (1989); *Carter v. United States,* 733 F.2d 735, 736 (10th Cir. 1984), *cert. denied,* 469

U.S. 1161 (1985). "[T]he inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas review requires a court to judge the 'severity' of an actual or potential restraint on liberty." *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 894 (2d Cir.), *cert. denied,* 519 U.S. 1041 (1996). A sanction which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

The sanction imposed in No. ISR 10-10-0024 did result in the imposition of "custody," for Brown has a protected liberty interest in his good-time credits, and he may not be deprived of these without the minimum requirements of due process. *Piggie v. McBride,* 277 F.3d 922, 924 (7th Cir. 2002). Analysis here, however, also requires the court to determine whether the fact that this sanction was suspended affects Brown's ability to satisfy the custody requirement. It does not. *See Cochran v. Buss,* 381 F.3d 637, 640 (7th Cir. 2004) (a suspended sanction of the deprivation of good time qualifies as the deprivation of a protected liberty interest sufficient to trigger the guarantees of due process in *Wolff v. McDonnell,* 418 U.S. 539 (1974)).

The respondent's motion to dismiss is not, however, based on any of the foregoing considerations, but is based instead on the fact that the suspended sanction was not invoked and now can no longer be imposed. A similar situation was also addressed in *Cochran,* where the Court of Appeals explained that in a situation where the suspended sanction has expired and was never invoked, the possibility of suffering an actual deprivation of credit time–and thereby lengthening the anticipated period of an inmate's confinement–the "in custody" requirement of the federal habeas statute is no longer satisfied and the claim has become moot. *Cochran,* 381 F.3d at 640-41. Similarly, Brown's suspended sanction has expired, was never invoked and his claim has become moot. His concerns with the suspension of contact visitation and with the loss of his prison job appear to be sincere, but are non-custodial, *Mamone v. United States,* 559 F.3d 1209 (11th Cir. 2009); *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008), and hence not subject to challenge here and an insufficient basis on which to conclude that the habeas claim is not now moot.

As demonstrated above, Brown no longer satisfies the "in custody" requirement. The action is moot and thus must be dismissed for lack of jurisdiction. The respondent's motion to dismiss [9] is **granted.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/25/2011

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana